## JACOB BURR ET AL.

### v.

## GEORGE BURR.

*Real Property—Vendor's Lien.*

Under the facts disclosed in the case presented, this court holds that complainant had no right to enforce a vendor's lien upon premises in question.

[Opinion filed October 27, 1891.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. A. S. WILDERMAN, Judge, presiding.

Messrs. DILL & SCHAEFER, for plaintiffs in error.

Mr. WILLIAM WINKELMANN, for defendant in error.

SAMPLE, J.   The plaintiff in error is the son of the defendant in error.   Both are married, living with their wives. Prior to the event out of which this difficulty arose, they had been living about two miles apart.   Desiring to live together in the same house, on the 27th day of September, 1890, they went together to Centreville, to purchase a house and two lots located in Belleville, of Catharine Brucher, which they did, for the sum of $900, $400 to be paid down, the balance of $500 to be paid in five years, secured by a mortgage on the premises.   It was agreed between them that the deed was to be made to the son, the plaintiff in error, with a reservation in the deed, of a right to the father, the defendant in error, to occupy one room, the barn and the smoke house, as long as he lived, in consideration of the payment by him of the sum of $300 cash on the first payment of $400.   He paid the $300 to Catharine Brucher, and his son paid the balance of $100, making the $400 cash payment.   The plaintiff in error, however, borrowed of his father $50 in order to make his $100 payment.   The deed and mortgage was made on said date.

The scrivener who made the deed was requested to insert the reservation according to the agreement, but he claimed this could not be legally done, and a deed without any reservation was made to plaintiff in error.

On October first, 1890, the defendant in error with his wife moved into the premises, and occupied and took possession of the room, barn and smoke house, according to the agreement, and on the next day the plaintiff in error with his family moved into the house and occupied the residue.

Afterward, on the sixth day of October, 1890, the plaintiff in error, in order, as he understood, to comply with the agreement between himself and father, executed and delivered a lease to the defendant in error and his wife, of *all* of said premises, " together with the house and other improvements appertaining thereto, the said leasing to be and continue for and during the natural lives of the said lessees, the lessor herein hereby agreeing not to molest the said lessees in the possession or enjoyment of said premises for and during the term of their natural lives," which was received without complaint. Soon after these two families began to live together in the same house, that old saying was verified, that one roof was not large enough to cover them, and some trouble arose between the women. The defendant in error charges that his wife was called a " scold," and that the locks on the doors to his part of the premises were tampered with, all of which was done, as he claimed, to drive him from the premises.

In view of this state of facts, the defendant in error filed his bill for a vendor's lien, as to the $300 paid by him. The plaintiff in error answered the bill, setting up the facts as to the purchase and contract between himself and father, as above stated, denying any interference with defendant in error or his wife, and further stating that if the leases were not satisfactory or properly executed, of which fact he was not informed, he and his wife were ready and willing to execute an instrument in accordance with the agreement. On the hearing a decree for a vendor's lien was entered, from which this writ of error is prosecuted. There is no substantial difference between the parties, so far as disclosed by the evidence, as to the contract

between them, which is further verified by George Brucher, who acted as agent for his mother, Catharine Brucher, in making a sale of the property. He testified that the defendant in error made the contract of purchase; that he paid $300 on the purchase price, in consideration that he was to have the right to live there with the son as long as he lived, and the defendant in error told this witness that he had made his own selection of the part of the property that he desired to occupy and use.

The defendant in error admits all those facts. His only ground of complaint is, that he was disturbed in his possession, and the legal point made in his bill is, of which plaintiff in error had no prior knowledge, that the lease was not in accordance with the contract. He admits that he is still in possession of the room, stable and smoke house, that were selected by him, and that the only disturbance of his possession was the tampering with the locks by some one, he does not show by whom. The plaintiff in error denies that he interfered with his possession in any way. The plaintiff in error, before the decree, tendered to defendant in error a deed, signed by himself and wife, properly acknowledged, and releasing right to homestead, conveying to defendant in error and his wife, the right to occupy said lots jointly and equally with the grantors; also the right to occupy the stable, smoke house, pig pen and rear room of the dwelling house, then occupied by said grantees, during the natural life of said grantees, or either of them.

In view of this state of facts, it is not considered that the defendant in error has any right to enforce a vendor's lien. He obtained what he purchased by the payment of the $300, and has never been so disturbed in his possession as to authorize a rescission of that contract, even if the lease made by the plaintiff in error was not a full compliance with the contract; there is no evidence even tending to show that it was not made in good faith and with the full purpose of doing so. In fact, so far as the evidence discloses, it was supposed by both parties to be a compliance. If it had not been, it was the duty of the defendant in error to so notify the plaintiff in error, and ask him to make an instrument that would comply. This

he never did, and when one was executed and tendered, of which no complaint is made, he refused to receive it. It is clear that plaintiff in error stood ready at any time to make the proper instrument. This being true, then all of the complaint that is left, is the disturbance of his possession. Giving the evidence of defendant in error its full force, that was not of a serious character, but as heretofore stated, there is no evidence to connect the plaintiff in error with it. It is not deemed necessary to review the authorities as to when or under what state of facts a vendor's lien attaches; suffice it to say that, under the facts disclosed by this record, it is considered that the defendant in error had no right to enforce a vendor's lien. The decree will therefore be reversed, with instructions to dismiss the bill.

*Decree reversed.*